Ex parte Francisco Mercado, Petitioner and Appellant.

No. 8901. Argued May 17, 1944.—Decided July 8, 1944.

*José C. Jusino* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

Appellant was confined in the municipal jail of Bayamón by virtue of a warrant of arrest issued by the district attorney for an alleged violation of §471 of the Penal Code.

On the same day he was arrested the appellant filed a petition for habeas corpus in the lower court based on the following reasons: (a) that he had not violated any penal statute; (b) that no complaint or information had been filed against him by virtue of which he could be deprived of his liberty; and (c) that there was no probable cause for his arrest.

After the hearing was held and the evidence of the prosecuting attorney was introduced, the lower court found that there was probable cause for the arrest and thereupon denied the writ, the appellant remaining on bail.

■■ The reasons alleged in the petition for habeas corpus under (a) and (b) are lacking in merit: the first, because the remedy of habeas corpus does not lie to determine the guilt or innocence of the prisoner; and the second, because it was not necessary for the district attorney to file an information against the appellant in order to issue a warrant of arrest against him, provided said information be filed within sixty days from the time he was held to answer. See §448, Code of Criminal Procedure.

■ Accordingly, we shall limit ourselves to determining whether or not there was evidence showing probable cause for the arrest. To that effect, the evidence introduced by the prosecuting attorney must be considered as truthful.

The legal disposition the violation of which the accused is charged is §471 of the Penal Code, which provides:[1]

"Every person who, after once selling, bartering, or disposing of any property, real or personal, *or interest therein*, or after executing any bond or agreement for the sale of any such property, again wilfully and with intent to defraud previous or subsequent purchasers, sells, barters, or disposes of the same property, or any part thereof, *or interest therein*, or wilfully and with intent to defraud previous or subsequent purchasers executes any bond or agreement to sell,

---

[1] Since the Spanish text is not a correct translation of the English, we have dispensed with it, and the translation which appears in the Spanish text of the opinion is ours.

barter, or dispose of the same property, or any part thereof, *or interest therein,* to any other person for a valuable consideration, is punishable by imprisonment in the penitentiary not less than one nor more than ten years.'' (Italics ours.)

The evidence introduced by the prosecuting attorney to prove the existence of probable cause may be summed up as follows: Francisco and Irma Schettini Schroder, brother and sister, were the owners of an urban estate in Martín Peña, Municipality of Río Piedras, which owed The People of Puerto Rico the sum of $114.77 for taxes. The Collector of Internal Revenues of Río Piedras filed a distraint proceeding against said property, whereupon it was adjuged for the above-mentioned sum to the only bidder, the appellant, in whose favor the certificate of sale was issued on December 4, 1940 (Exhibit 3 of the Prosecution).

Before the expiration of the year set by §348 of the Political Code in which to exercise the right of redemption, Francisco Schettini Schroder, by himself and for his above-mentioned sister, commissioned Attorney Marcilio Carrasquillo to redeem the estate, delivering to him for that purpose the sum of two hundred dollars. After repeated efforts, Attorney Carrasquillo succeeded in meeting the appellant, whereupon the redemption of the property was agreed on. The appellant himself calculated the amount which they owed him, and received from Attorney Carrasquillo the sum of $174.75 for said debt. On being asked by Carrasquillo to endorse the certificate of sale, he stated that he did not have it at the time but that he would give it to him later, thereupon issuing and giving him a receipt for the above-mentioned sum (Exhibit 2 of the Prosecution), which reads as follows:

''Received from Attorney Carrasquillo the sum of $174.75, to be credited to the account of Irma and Francisco Schettini for the redemption of the house on Stop 27, Santurce.

''June 25, 1941. (Signed) Francisco Mercado.''

880

There is no controversy as to the fact that the house referred to in the receipt copied above is the same house which appellant acquired by virtue of the certificate of sale.

Attorney Carrasquillo testified about the different requests which he made to the appellant for the certificate of sale, and of his pretexts and elusive conduct so as to avoid giving him the certificate. He further testified that on meeting the appellant in the District Court of Bayamón he demanded the certificate, which he got, but that on requiring its endorsement, the appellant refused to do so under the pretext that at the precise moment, a certain trial was being held which required his presence in the courtroom; that Carrasquillo left the certificate of sale and the receipt signed by Mercado with Attorney José R. Fournier, of Bayamón, with the commission of obtaining the endorsement; that some time elapsed during which he had no news of the commission entrusted to Fournier, until he learned that appellant, after the time for redemption had expired, had sold the estate through a deed of October 5, 1942, before Notary Public José C. Jusino (Exhibit 4 of the Prosecuting Attorney), to Sixto Pesante, of legal age, married to Quintina Cardona, minor surgeon, and neighbor of Río Piedras, for the sum of $1,500. It was then that he notified the district attorney.

Appellant argues that §471 of our Penal Code does not include a transaction such as the one in the case at bar; that said legal provision prohibits the selling, bartering, or disposing of any property, or any part thereof, after once selling, bartering, or disposing of such property, with the intent to defraud previous or subsequent purchasers, and that the redemption of property acquired in a public auction for taxes is not said sale, barter or disposal, because, as he alleges, on the redemption of said property it is presumed that the title always remained on the person to whom it belonged when the tax sale was held. To sustain his contention, appellant invokes certain cases from California inter-

preting §533 of the Penal Code of said State, which appellant alleges is equivalent to §471 of our Code. The above-mentioned cases are not applicable, because if the two Sections are compared, it will immediately be noticed that §471 has a wider scope than §533. Section 471 included not only the selling, bartering, or disposing of any property, real or personal, but also any interest therein, which is not included in §533 of the Penal Code of California. It can not be denied that the purchaser of real property sold at a tax sale has at least an interest in said property before the year of redemption expires and before redemption is had. *Colón* v. *Rivera*, 61 P.R.R. 541, and *Rivera* v. *Colón*, 62 P.R.R. 50. If before the year of redemption expired, appellant received its equivalent, thereupon binding himself to endorse the certificate of sale, and through pretexts and elusive conduct he let the year pass without endorsing said certificate, then selling to another person the property in which he had no interest at the time, since he had sold said interest to Francisco and Irma Schettini Schroder [2]—we repeat, accepting as true that evidence for the purpose of determining whether there was or was not probable cause—, we have to conclude that the appellant committed fraud with respect to the previous owners of the estate and that the case is included within the provisions of §471 of the Penal Code.

■ Appellant's attorney emphasizes the fact that according to the rules of interpretation, penal statutes should be construed strictly in favor of the accused. To this effect, we find it advisable to repeat herein what the Supreme Court of the United States said in the case of *United States* v. *Giles*, 300 U. S. 41, 48:

"The rule, often announced, that criminal statutes must be strictly construed does not require that the words of an enactment

---

[2] "A contract exists from the moment one or more persons consent to bind himself or themselves, with regard to another or others, to give something or to render some service." Section 1206, Civil Code.

be given their narrowest meaning or that the lawmaker's evident intent be disregarded. *United States* v. *Corbett*, 215 U. S. 233, 242.''

As to the case of *Balasquide* v. *Luján*, 45 P.R.R. 548, invoked by appellant to sustain that the receipt signed by him, in which he acknowledged having received from Carrasquillo, the value of the redemption to be credited to the account of Francisco and Irma Schettini, is not admissible as evidence, it does not apply to the case at bar. Said case involved a mandamus proceeding filed against the Secretary-Auditor and the Mayor-Treasurer of the Municipality of Cataño to compel the issuance of the warrants and certificates of payment pertaining to the salary earned by the former Secretary-Auditor. The payment had been assigned to the plaintiff. The document where the assignment was acknowledged was a private deed, and this court held, citing with approval the case of *Valladares* v. *Berríos*, 38 P.R.R. 613, that assignments may be acknowledged by the municipal auditor only when the same are embodied in an authentic document or deed, and since the document introduced in said case to establish the assignment was not an authentic document, it was not admissible in evidence.

We are of the opinion that in the case at bar the evidence of the prosecution shows the existence of probable cause for the arrest of the appellant. The lower court therefore did not err in denying the writ of habeas corpus.

The order appealed from should be affirmed.